Our first case this morning is Cole versus the Veterans Administration. Mr. Carpenter. Thank you, Mr. Court. Kenneth Carpenter appearing on behalf of Mr. Honor Cole. Mr. Cole's appeal deals with whether or not the Veterans Court misinterpreted the provisions of 38 CFR 3.156C, which deals with the assignment of an effective date based upon receipt of service department records following an original decision and a successful reopening based upon the VA's receipt of those records. In this case, in September of 1976, the VA. Mr. Carpenter, even if you're right about that, it looks as though the Court of Appeals for Veterans Claims said even if there was an error there, it is harmless because all that that would have done was produce evidence of a stressor and that there wouldn't be a cue because the result wouldn't be changed because he still didn't have the PTSD diagnosis, if I understand correctly, right? Yes, Your Honor. So that seems to be a fact issue, right, which we can't decide. No, Your Honor, I believe that's a legal issue because they incorrectly determined that the disposition of the application of 3.156C or the outcome was dependent upon whether or not there was a diagnosis of PTSD. That is not what triggers the application of 3.156C. What triggers the application of 3.156C is the VA's receipt of service department records and then a later reliance upon those records in the reopening. But you can't get a cue determination without the diagnosis, right? But what you get under 3.156C is a retroactive evaluation of whether or not he did or didn't. What the court was doing was prejudging the outcome of that retrospective evaluation. What is required under 3.156C is for the VA to retroactively determine whether or not what in fact existed at the time of his original claim until the time of the successful reopening was or was not post-traumatic stress disorder. That's the function of 3.156C and that was the function that was denied by the misinterpretation by the Veterans Court. The Veterans Court relied upon the notion that the court could somehow prejudge the outcome based upon its conclusion that there was no diagnosis earlier of post-traumatic stress disorder. That's not the way that 3.156C operates. It says that the VA will reconsider the original claim by means of a retroactive evaluation to determine whether or not what in fact existed was or was not the condition that he was ultimately service-connected for. The record in this case clearly demonstrates that initially they said his condition was schizophrenia and not post-traumatic stress disorder. And they got a board of two examiners to make that determination. Later they determined what he had was post-traumatic stress disorder. Mr. Carpenter, was that the determination you just referred to, was that the determination made in 1988? No, I believe that was a determination that was made in 1981, Your Honor. There was a determination made in 1988, was there not? Yes, there was. And at that time, the service records were there in the record and referred to? They were. Does that, but the decision in 1988 is not a determination on this particular claim? No, Your Honor, because until there is a grant, a subsequent grant, an award, the provisions of 3.156C do not come into play. They trigger when those records were not originally received, and they were not originally received in 1976. Then later on, they were received, they were considered, and they were rejected. But in 1988, they determined that in fact, based upon these records, which they said in the 1988 decision were recently received and reviewed. So it's hard to understand. 1998. 1998, I'm sorry. Did I misspeak 88 from what you said? I was referring to an 88 decision. I'm aware of a 98 decision based upon his 1992 hospitalization. That is correct, Your Honor. And in that decision, and that's in the record at 143 and 144, the VA expressly says, The medical records establish a clear diagnosis due to stressful events experienced by Mr. Cole while assigned to a riverboat unit in Vietnam. Review of Navy personnel records, which were recently received, shows that Mr. Cole was assigned to the River Squadron 5 from March 1967 to February 1968. Well, what are those records? I mean, the 1988 decision refers to records of service in the Riverboat Squadron. What additional records are we talking about here? Frankly, Your Honor, I cannot discern that from the record. The point is, is that the operation of It sounds as though maybe you're relying on just a glitch in the 1998 decision that refers to, incorrectly refers to records recently received, whereas those records in fact were relied on and discussed in the 1988 decision. No, not at all, Your Honor, because under 3.156C it's received any time after the original decision was made. So even if you accept that these were in fact the identical records in 1988 and there was simply a different outcome in 1998, the fact is that in 1988 they got something that they didn't get in 1976. That fact triggers or implicates the provisions of 3.156C and you must apply it when there is a later grant. Because it is the later grant, which is what occurred in 1998, which requires the VA to reconsider its original decision. And they would be reconsidering as part and parcel of that original decision, the 1988 decision, to determine whether that 1988 decision was or was not, not correctly decided on the merits, but correctly determined whether he did or did not have post-traumatic stress disorder. The whole function of 3.156C is to give the veteran the benefit of the administrative deficiency in failing to get those records in the first instance, later getting those records, and ultimately then being awarded benefits for the disability that he was seeking compensation for, which is precisely what happened here. And as a consequence, he was entitled to the benefit of 3.156C because there would have been a manifestly different outcome. Because under 3.156C, the VA is required first to do a retrospective evaluation and second to reconsider the original plan. Both of those things were not done in 1998. Mr. Carpenter, wasn't the real material factor the change in diagnosis in 1992? And the records that you're referring to really have little effect on the change? And that is where the error was made by the Veterans Court, Your Honor, because it's not the materiality or the basis for the reopening that dictates whether 3.156C is to be applied. What dictates whether 3.156C is to be applied is whether or not there was a later receipt and a subsequent grant. And both of those prerequisites are met by this record. That required the VA in 1998 to consider and apply 3.156C. It did not. That was a clear and unmistakable error, and he was denied both the benefit of that regulation, which includes reconsideration of the original claim and a retrospective evaluation. I'm still having the same trouble that Chief Judge Rader is having. I don't understand. You may be right that they should have considered the records in 1998. And if the absence, the incorrect evaluation of the records was Q, then there should be a correction. But the problem is that in addition to the evidence of the stressor, you have to have also a diagnosis. And what the Court of Appeals for Veterans Claims is saying is the diagnosis didn't happen here until 1992. The diagnosis didn't exist in 1998. Therefore, there's no – the conditions for Q don't exist. That's correct, Your Honor. That's precisely what they did, and that's precisely what the error is. The error is making this – the operation of this regulation dependent upon a diagnosis. It is not dependent upon a diagnosis, and it is not dependent upon the new and material – But the service connection is dependent on the diagnosis, right? Yes, it is, Your Honor. But he got that. This is a – When did he get it? In 1998. And when he got it in 1998, when the VA was determining what the effective date for that award was to be, they were required to consider and apply 3.156C. 256C talks about new and material evidence. 256, Your Honor? 156. 156. Yeah, yeah. Okay, I'm sorry. I just thought you were going to another reg. No, no, no. But the point is, is there any materiality in this evidence when it – And that's why the – The materiality requirement is significant. No, it's not, Your Honor, because the VA has admitted when they amended 3.156C that the use of that term was confusing, because they didn't really mean materiality, because materiality arises under 5108, under the statute for reopening. That determination is under 3.156A. That – in fact, that regulation didn't exist in 1998 – or, excuse me, it did in 1998. It didn't exist before judicial review, because there was no requirement for new and material evidence to reopen until 5108 was put into play, other than 7104. The fact is, is that the definition in 3.156A does not control the outcome under 3.156C, and the VA's own published interpretation of the meaning of that, and that it was their practice. The VA described specifically that prior to the amendment, it was their practice, upon receipt of these records, to reconsider the original claim. And that simply didn't happen here, Your Honor. I see that I'm into my rebuttal time. Thank you, Mr. Carpenter. Mr. Sodor? May it please the Court. There are two primary reasons why the Court of Appeals for Veterans Claims opinion should be affirmed. First is that Mr. Cole did not raise the particular issue for CUE that he raises to this Court in his appeal to the Board. To the Board, Mr. Cole raised the issue that the receipt of the service records was new and material evidence under the version of 3.156C that existed in 1997 that required that service department records be new and material evidence. In his appeal to the Veterans Court, and in his appeal to this Court, Mr. Cole raised a new ground, which is that the version of 3.156C that existed at the time of the regional office's decision in January of 1998 that said, when new and material evidence consists of service department records, really didn't mean that the service department records had to be new or material. Put aside the waiver question for a moment, and let's assume that the new and material evidence language was just a clarification and that the same practice existed earlier. As I understand Mr. Carpenter's argument, he's saying, if that's true, then there was CUE here, even if there was no diagnosis in 1998 of PTSD. He's saying that somehow he's reading 3.156C as saying you go back and fix it, even if the diagnosis didn't exist at the time, but didn't exist until 1992, 1998. That's his argument, right? That is his argument. And why is that wrong? It's wrong because the language, even of the current version of 3.156C, states at, I believe it's C3, that an award based upon the provisions of C1, which is what Mr. Cole is relying upon, is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later. Here, the date entitlement arose is July 10th, 1992, the date of Mr. Cole's hospitalization where PTSD was diagnosed, which was the basis for the VA regional office's decision as shown at page 143 of the appendix. The only thing that would have changed is the receipt of the date of the in-service stressor, the in-service event. That's the only thing that potentially could have changed as a result of the receipt of the service department record. But those are already in the records in 1986 and were discussed at page 131 and 135 of the appendix in the board's decision of 1988 that it denied his claim for PTSD based on the lack of a medical diagnosis of PTSD. Therefore, even if Mr. Cole's interpretation of the regulation were correct, under the facts of this case, the date entitlement arose is the later date. It's the date of his diagnosis of his hospitalization. Because you've got to have a diagnosis in addition to the stressor. Yes. And that doesn't change whatever effective date one gives to the receipt of the service department records. Furthermore, as the Veterans Court explained in its decision, Mr. Cole's claim for CUE is refuted by the plain language of 3.156C as it existed at the time of the regional office's decision. Because at the time of the regional office's decision, that version of 3.156C said that when the new and material evidence consists of service department records, Veterans Court's decision went through in some detail showing why they weren't new and material evidence. And that's not something that would be part of this court's appeal here because that's not the issue Mr. Cole raised. Moreover, in the case where you have the service department records put on an early point here, we have a control because we have the board's earlier decision in 1988. We can see what happens when, in this case, you have the service department records and you also have a diagnosis of paranoid schizophrenia and the board still came out concluding that there was no service connection for PTSD. With respect, Mr. Harper also stated that there would be need for a retroactive evaluation of the diagnosis as a result of the regulation. Under 38 CFR 20.1403, challenging a diagnosis is something that is not clear and unmistakable error. Even though Mr. Cole's interpretation of the regulations is incorrect, even if somehow he were to claim that it's CUE not to have been diagnosed with PTSD back in 1980, that is something that is not the basis for a CUE claim in this court. Is that regulation in your brief? It is not, but I'm responding to what we heard at oral argument today. The reason why the court should reject Mr. Cole's argument is that the version of 3.156C that existed at the time of the regional office's decision required that the records be new and material evidence. Not only did the Veterans Court conclude that they're not new and material, but for the court to find in favor of Mr. Cole, it would have to find that the regulation doesn't say what it says on its plain language and that lacks a basis in the record or in the text of the regulation. The materiality finding is a finding. Yes, it was a finding of the board – of the regional office, then the board, and was affirmed by the Veterans Court. Well, but even if you read out the materiality language, the same requirement exists as part of the overall CUE structure. You have to show there would have been a different result, right? Yes, you have to show it. There would have been a different result unless there was a PTSD diagnosis in 1988. Yes, here under this case, even if Mr. Cole's interpretation is correct, you'd have the same effective date because you have the same effective date for the diagnosis. Thank you, Mr. Goldorff. Mr. Carpenter, you have one, three minutes. Thank you very much, Your Honor. Your Honor, this case turns on the meaning of the regulation. The regulation provides for a retroactive evaluation. The VA says that that retroactive evaluation can apply to the question of what was the nature of the disability. This benefit has been granted. All that it is issue is what is the effective date for that award. And the VA is correct. It is about the date that entitlement arose. And entitlement can arise based upon a retrospective evaluation that says, now that we've established that what the veteran suffers from is post-traumatic stress disorder, in reconsideration of the original claim and looking at these records, we can conclude that he is entitled to compensation back to the date of the original claim. Or they can conclude at some time along that timeline that that was the time in which the PTSD diagnosis was established. But it's clear from this record as early as 1981 that the VA was struggling with what the correct diagnosis was here of schizophrenia or post-traumatic stress disorder. Is the government right that misdiagnosis can't be Q? A misdiagnosis cannot be Q. But that's not the basis for Q. The basis for Q here is the failure to correctly apply and afford the veteran the benefit of 3.156C. And 3.156C expressly addresses the circumstances of a change in diagnosis in the language of the regulation for a retroactive evaluation. Why else would you do a retroactive evaluation? Most importantly, what the VA said when it published its amendment to 3.156C is that the purpose of this regulation was to prevent the veteran from being harmed. This veteran was harmed by the fact that his records were not there. If these records had been obtained in 1976, then he doesn't get the benefit of 3.156C. But those records were not there in 1976. Maybe they were there in 1988, but they were clearly there in 1998. And most importantly, he has been awarded the benefit. Now under the VA's own published interpretation of this regulation, they are here to correct that harm by giving him a retrospective evaluation. Unless there's further questions, I have nothing else. Thank you very much.